IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>SUPERNOVA MEDIA, INC., a New York corporation, *et al.*,<br><br>   Defendants.<br>_____<br>SUPERNOVA MEDIA, INC., a New York corporation, *et al.*,<br><br>   Counterclaimants,<br><br>vs.<br><br>JOSEPH G. PIA,<br><br>   Counterclaim Defendant.<br>_____<br>SUPERNOVA MEDIA, INC., a New York corporation, *et al.*,<br><br>   Third-Party Plaintiffs,<br><br>vs.<br><br>BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company, *et al.*,<br><br>   Third Party Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:09-cv-840 CW |

This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). Here, Plaintiff/Counterclaim Defendant Joseph G. Pia invokes diversity jurisdiction in his complaint pursuant to 28 U.S.C. § 1332. Such jurisdiction requires complete diversity of state citizenship between plaintiffs and defendants as well as an amount in controversy exceeding $75,000. The Tenth Circuit has emphasized that courts should "rigorously enforce" restrictions on diversity jurisdiction. *Id.* (internal quotation marks and citation omitted). "[T]he burden of proving jurisdiction is on the party asserting it." *Id.* (internal quotation marks and citations omitted). In determining whether there is complete diversity of state citizenship in an action involving more than one defendant, "the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (internal quotation marks and citation omitted).

Because Mr. Pia's complaint names fictitious, or "Doe," defendants without making any allegations regarding their state citizenship, he has not carried his burden of showing that this court has diversity jurisdiction. Specifically, in his complaint, Mr. Pia alleges that certain fictitiously named defendants, whose "true names and capacities" are unknown to him , are "responsible for the events alleged herein" in several potential capacities. (Complaint, Dkt. No. 2, at p. 5.) Beyond this generalized statement, Mr. Pia alleges in particular that Doe defendants were involved in posting anonymous internet publications about him. (*See id.* at p. 13.) Mr. Pia then names all Defendants in several of his asserted causes of action. Mr. Pia, however, makes no allegation about the state citizenship of any of the Doe defendants.

This court has held in the past that a plaintiff's failure to make allegations about the state citizenship of fictitiously named defendants destroys diversity jurisdiction and may lead to dismissal. *See*, *e.g.*, *Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-86 CW, 2010 U.S. Dist. LEXIS 42228 (D. Utah April 29, 2010). This rule applies with equal force in the present case. Mr. Pia is therefore ORDERED to show cause why this action should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332. Such a showing must be made within 10 days of the date of this order. Alternatively, Mr. Pia may move to amend his complaint or voluntarily withdraw this action from the federal docket. Either of these options must also be exercised within 10 days of this order.

Because the court is presently uncertain as to its jurisdiction in this action, the hearing on two outstanding motions presently set for November 15, 2010 is STRICKEN. The court will attempt to expeditiously resolve those motions in the event that it determines that it has the power to hear them.

DATED this 8th day of November, 2010.

                                                                            BY THE COURT:

                                                                            _____
                                                                            Clark Waddoups
                                                                            United States District Court Judge