IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERNOVA MEDIA, et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Case No: 2:09-CV-840 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

The law firm of Pia Anderson Dorius Reynard & Moss ("PADRM") has filed a motion to withdraw as counsel for third-party defendant law firm Stucki Steele & Rencher ("SSR") due to a conflict of interest.[1] For the reasons discussed below, the court grants the motion.

SSR was formerly known as Stucki Steele Pia Anderson & Rencher ("SSPAR"), which was split into two firms, SSR and PADRM. From September 2008 through April 2010, SSPAR represented three limited liability companies (collectively referred to as the "Film Company") in several cases in Utah federal court and in New York federal and state courts. After the split, PADRM continued to represent the Film Company. PADRM also agreed to represent SSR in this case in which SSR was named as a third-party defendant. PADRM states that at the time of this agreement, the interests of PADRM and SSR were aligned.[2]

---

[1] Pia Anderson Dorius Reynard & Moss' Motion to Withdraw as Counsel for Stucki Steele & Rencer ("Motion"), Docket no. 78, filed October 27, 2010.

[2] *Id.* at 2-3.

SSR agrees that "given the obvious conflicts of interest, the withdrawal of PADRM is appropriate."[3] SSR contends, however, that two requirements should be met: (1) withdrawal must conform to the applicable local rule, and (2) PADRM "must also honor its contractual obligation to SSR to select counsel to defend SSR in this case."[4]

**Compliance with the Local Rule**

Under the local rule in effect at the time the parties briefed this motion, a motion to withdraw without the client's consent "must be accompanied by a certificate of the moving attorney that (i) the client has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions."[5] SSR asserts that "no such certification was provided by PADRM, and no such notice has been provided to SSR."[6] SSR contends that

> any order regarding the withdrawal of PADRM as counsel for SSR should include the requirement that PADRM immediately provide SSR or SSR's new counsel with (i) a complete copy of all discovery, pleadings, motions, and documents exchanged or filed in this case, (ii) copies of all communications received or made by PADRM in the representation of the defendants in this case, and (iii) a detailed written summary of the litigation to date.[7]

In response, PADRM has submitted a certification in which it states that it has properly notified SSR "in writing of the status of this action including the dates and times of scheduled

---

[3] Appearance and Response to Motion to Withdraw ("Opposing Memorandum") at 4, docket no. 82, filed November 4, 2010.

[4] *Id*.

[5] DUCivR 83-1.4(a)(2) (September 2008).

[6] Opposing Memorandum at 4.

[7] Opposing Memorandum at 5.

court proceedings and pending compliance with any existing court orders, and the like."[8]
Further, PADRM states that there are "numerous emails and other correspondence from PADRM to SSR specifically setting forth "detailed litigation strategy including pending deadlines and the like."[9] The court concludes that this notification is sufficient to satisfy the requirements of the local rule, especially since the members of SSR are attorneys with access to the court's docket and who are fully capable of understanding their obligations in this case. The court further notes that Clay W. Stucki has entered an appearance on behalf of SSR,[10] so that it is not left without counsel in this matter. Accordingly, the court concludes that PADRM has adequately complied with DUCivR 83-1.4.

**PADRM's Obligation to Defend SSR**

SSR states that under Section 12 of the Separation Agreement[11] between PADRM and SSR, PADRM is contractually obligated to indemnify and defend SSR in this litigation, but only if SSR uses the counsel selected by PADRM. SSR contends that because PADRM moved to withdraw without providing new counsel for SSR, the court should enter an order to the effect that "PADRM has waived its right to select defense counsel and that SSR is free to select its own defense counsel without violating any right of PADRM to select such counsel.[12]

---

[8] Certificate and Declaration of Brennan H. Moss in Support of Motion to Withdraw as Counsel for Stucki Steele & Rencher ¶ 5, docket no. 86-1, filed November 10, 2010.

[9] *Id.* ¶ 6.

[10] Docket no. 81, filed November 4, 2010.

[11] Pertinent portions of the Separation Agreement are attached to the Opposing Memorandum as Exhibit A.

[12] Opposing Memorandum at 5-6.

The dispute between the parties concerning PADRM's obligation under the Separation Agreement to defend SSR involves a separate matter unrelated to the issues in this case. The court, therefore, declines to enter an order resolving this dispute.

**ORDER**

PADRM's motion to withdraw is **GRANTED**.[13]

February 28, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[13] Docket 78, filed October 27, 2010.