IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual, Plaintiff, vs. SUPERNOVA MEDIA, INC., a New York corporation, *et al.*, Defendants. | ORDER and MEMORANDUM DECISION Case No. 2:09-cv-840 CW |
| SUPERNOVA MEDIA, INC., a New York corporation, *et al.*, Counterclaimants, vs. JOSEPH G. PIA, Counterclaim Defendant. | |
| SUPERNOVA MEDIA, INC., a New York corporation, *et al.*, Third-Party Plaintiffs, vs. BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company, *et al.*, Third Party Defendants. | |

Now before the court is an objection to a ruling by Magistrate Judge David Nuffer denying a motion by Third Party Defendants Bennet Tueller Johnson & Deere, LLC, Stucki Steele Pia Anderson & Rencher ("SSPAR"), and Pia Anderson Dorius Reynard & Moss, LLC ("PADRM") to stay the deposition of Joseph Pia on April 20, 2011.[1]

When assessing an objection to a magistrate judge's ruling on a nondispositive pretrial matter, the district court determines if the ruling was clearly erroneous or contrary to the law. *See* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988), citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

The court finds nothing clearly erroneous in Judge Nuffer's denial of the protective order. As an initial matter, it is worth nothing that the motion was not made by Mr. Pia himself, but by the Third Party Defendants. From the notice of deposition at issue, however, it is clear that the deposition to be taken on April 20 is not one that Mr. Pia is to give in a representative capacity of either SSPAR or PADRM. While Mr. Pia's deposition is of obvious import to SSPAR and PADRM, their interest in the timing of that deposition is ultimately indirect.

Moving to the substance of the objections, SSPAR and PADRM make several arguments as to why Judge Nuffer erred. None of these arguments prevail. First, SSPAR and PADRM point out that Mr. Pia and PADRM have filed a motion to dismiss, meaning that Mr. Pia may be required to answer questions about claims that may not be allowed to go forward. While it is true that it may add burden and expense to allow a deposition under these circumstances, Federal

---

[1] While the Bennett firm joined the original motion, only SSPAR and PADRM have filed an objection to the denial.

Rule of Civil Procedure 26(c)(1) does not require a protective order whenever there will be extra burden and expense. Rather, Rule 26(c)(1) grants the court discretion to delay or forbid discovery when there is "good cause" and "undue burden or expense." The court sees no abuse of discretion in Judge Nuffer's determination that good cause did not exist to delay Mr. Pia's deposition here based on undue expense or burden.[2]

Second, SSPAR and PADRM argue that SSPAR's new counsel will not have time to consider whether to move to consolidate discovery with other cases in Utah state court and in New York. From the information on these cases provided by SSPAR or PADRM, it appears that neither they nor Mr. Pia are parties to any of these cases. There is thus no reason to believe that discovery could be consolidated. To the extent that Defendants may have to depose Mr. Pia as a fact witness or in another capacity in another case in another court, the court sees no need to protect the Defendants from extra expense that they willingly take on. Moreover, as noted by Defendants, the scheduling order in this case does not anticipate consolidated discovery.

Next, SSPAR and PADRM argue that they have only recently received Defendants' initial disclosures and that SSPAR has recently retained new counsel, making it more difficult to prepare for Mr. Pia's deposition. The court understands that it may be inconvenient and difficult for counsel for SSPAR and PADRM to prepare for Mr. Pia's deposition. They are not, however, in the position of having to defend Mr. Pia. If SSPAR and PADRM believe that they are not able to fully question Mr. Pia to their satisfaction at his deposition, they can move to reopen it at a later date for additional questions by them.

---

[2] Mr. Pia's deposition is subject to a time limit and, given Defendants' insistence on the timing of the deposition, the court does not foresee that they will be granted any additional time with Mr. Pia. If the court dismisses Defendants' counterclaims, it is Defendants who will have wasted their time asking Mr. Pia about them.

3

Finally, SSPAR and PADRM point out that discovery has not yet been completed in this case. The court notes that because Defendants have insisted on the timing of this deposition, Defendants will be not be able to reopen Mr. Pia's deposition barring some extreme and unforeseeable circumstance. For example, a desire by Defendants to ask Mr. Pia about documents produced during discovery will not be a ground for Defendants to depose him again. On the other hand, as noted above, the court would seriously consider a motion by SSPAR or PADRM to reopen Mr. Pia's deposition on similar grounds and to preclude Defendants from additional questioning at that deposition.

For all these reasons, the objection is OVERRULED and the deposition of Mr. Pia should go forward as scheduled. The parties shall bear their own costs and fees in connection with this motion.

DATED this 18th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge