IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSEPH G. PIA,<br><br>      Plaintiff,<br><br>vs.<br><br>SUPERNOVA MEDIA, INC., et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:09-CV-840 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

      Plaintiff/counterclaim defendant/cross-claim defendant Joseph G. Pia and third-party defendant/cross-claim defendant Pia Anderson Dorius Reynard & Moss, LLC ("PADRM") have filed a motion for a protective order to prohibit the disclosure of deposition transcripts and video- and audiotapes of any depositions taken in this case.[1] Because the court finds that Pia and PADRM have failed to establish good cause for entry of a protective order, the motion will be denied.

      This case revolves around the production of a feature film called *Shannon's Rainbow*.[2] The claims raised by Pia include defamation, libel, invasion of privacy, intentional infliction of emotional distress, intentional interference with economic relations, and civil conspiracy. His

---

[1] Motion for Protective Order Re Dissemination of Deposition Transcripts and Video Tapes, docket no. 145, filed May 2, 2011.

[2] Memorandum in Support of Motion for Protective Order Re Dissemination of Deposition Transcripts and Video Tapes ("Supporting Memorandum") at 4, docket no. 146, filed May 2, 2011.

amended complaint further alleges that defamatory information has been placed and disseminated on websites and through electronic media.[3]

Joseph Pia's deposition was taken on April 20, 2011. On April 19, 2011, the day before the deposition was taken, counsel for Pia and PADRM requested an agreement from counsel for all other parties that any deposition transcript or video recording of the deposition of any witness may only be used for reasons related to this litigation or other related proceedings.[4] On that same day, counsel for Stucki Steele Pia Anderson & Reynard; and counsel for Bennett, Tueller, Johnson, & Deere, LLC, agreed to the request. However, counsel for defendants/counterclaim and cross-claim plaintiffs (collectively "Supernova") responded that the depositions "may be used for any purpose permitted by the rules."[5]

Pia and PADRM state that Supernova's refusal to either specifically agree to or reject their request for a protective order "at the very least implies that Supernova Media, Inc. may use the deposition materials for purposes other than the litigation, including publishing through electronic and other media."[6] Supernova responds that it has already shared Pia's deposition with witnesses and parties in this and other lawsuits regarding the film *Shannon's Rainbow* and Pia's representation of other films. Thus, dissemination has already occurred.[7] In their reply

---

[3]*Id.*; see Amended Complaint, docket 97, filed February 25, 2011.

[4]*Id.* at 3.

[5]*Id.* at 4.

[6]*Id.* at 5-6.

[7]Opposition to Motion for Protective Order Regarding Dissemination of Deposition Transcripts and Video Tapes ("Opposition") at 3-4, docket no. 159, filed May 18, 2011.

memorandum, Pia and PADRM make clear that they do not oppose the use of depositions by related parties and witnesses in related litigation.[8] They argue, however, that "a protective order prohibiting internet blog and website publication is appropriate because Supernova has not specifically opposed that particular relief."[9] Pia and PADRM further assert that, based on statements in Supernova's opposition memorandum, Supernova wants to disclose the deposition transcripts and videos to Pia's and PADRM's clients and business contacts to expose improper acts that Supernova alleges that Pia has committed. Pia and PADRM argue that any such disclosure would be improper, and should be prohibited.[10]

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[11] Under the rule, the party seeking protection has the burden to show good cause for preventing dissemination of discovery materials[12] The good cause standard requires that the moving party identify any specific prejudice or oppression that will be

---

[8] Reply Memorandum in Support of Motion for Protective Order Re Dissemination of Deposition Transcripts and Video Tapes ("Reply) at 2, docket no. 169, filed June 6, 2011.

[9] *Id.* at 1-2.

[10] *Id.* at 2-3.

[11] Fed. R. Civ. P. 26(c).

[12] *Condit v. Dunne*, 225 F.R.D. 113, 115 (S.D.N.Y. 2004); *Loussier v. Universal Music Group, Inc.*, 214 F.R.D. 174, 176-77 (S.D.N.Y. 2003).

caused by disclosure.[13] That party must present concrete reasons justifying a protective order and not rest on unverified fears.[14]

Pia and PADRM argue that good cause exists for entry of a protective order. They assert that this lawsuit arises out of Supernova's statements on the internet that "Pia lied, stole, defrauded, and committed many other bad acts."[15] They state that these internet statements were damaging to them. They argue that to avoid further irreparable harm by the misuse or distortion of the depositions being published on the internet, and because there is no need for such publication or for Supernova to share the depositions with clients or other associates of Pia and PADRM who are not involved in the Supernova/*Shannon's Rainbow* dispute, good cause exists for the granting of a protective order.[16] In addition, Pia and PADRM assert that the conduct of Supernova's counsel during Pia's deposition provides additional reasons for prohibiting dissemination of the deposition. During the deposition, counsel expressed her opinion that Pia was a "liar," commented multiple times that he was lying, that Pia was trying to "worm" his way into financial gain, and that he had breached a "fiduciary duty."[17] Pia and PADRM assert that counsel's inflammatory language could cause additional harm because a reader might give added weight to her comments since she is a member of the Utah State Bar and an officer of the court.

---

[13]*Burlington City Bd. of Educ. v. U.S. Mineral Prods. Co.*, 115 F.R.D. 188, 191 (M.D.N.C. 1987).

[14]*Id.*

[15]Reply at 3.

[16]*Id.*

[17]*Id.* at 3-4.

Pia and PADRM argue that the rule "allows protective orders to prevent precisely such 'annoyance, embarrassment, or oppression.'"[18]

In support of their motion for a protective order, Pia and PADRM rely on *Paisley Park Enterprises, Inc. v. Uptown Productions*.[19] In that case, the district court issued a protective order which prohibited the dissemination of a videotaped deposition of the performer known as "Prince." Prince contended that the videotaping of the deposition was commercially motivated. The court noted that there was a substantial factual basis for these concerns. The lawsuit was a principal focus of the defendants' website where they had posted the pleadings, notice of Prince's upcoming deposition, and press releases about the case. The court found that there was every reason to believe that defendants intended to use the videotaped deposition, at least in part, "to generate notoriety for themselves and their business ventures."[20]

In contrast, the district court in *Flaherty v. Seroussi*[21] held that the defendant mayor had not shown good cause for a protective order restricting the dissemination of a videotape of his deposition. This was so even though the plaintiff freely acknowledged that she intended to publicize the deposition and to use it to humiliate the mayor. In fact, plaintiff's counsel stated to the media that he "relish[ed] the opportunity to question Mr. Seroussi about what happened here" and the he was "going to concentrate [his] efforts on knocking Mayor Seroussi's teeth down his

---

[18]*Id.* at 4 (quoting Fed. R. Civ. P. 26(c)(1)).

[19]54 F. Supp. 2d 347 (S.D.N.Y. 1999).

[20]*Id.* at 348.

[21]209 F.R.D. 295 (N.D.N.Y. 2001).

throat."[22] The court nevertheless denied the motion for a protective order stating that "[t]he mere fact that some level of discomfort, or even embarrassment, may result from the dissemination of Mayor Seroussi's deposition testimony is not in and of itself sufficient to establish good cause to support the issuance of protective order."[23] The court distinguished *Paisley Park* on the ground that the defendants in that case sought to make commercial use of the videotaped deposition of Prince. The court further noted that there is a strong, legitimate public interest in having unfettered access to court proceedings particularly when they involve public officials and their performance of governmental duties.[24] The court concluded that, given that consideration, as well as the fact that the plaintiff had not evidenced a desire to obtain personal, commercial gain from dissemination of the videotape, the modest embarrassment that might befall the mayor should the videotape be publicly aired was not sufficient good cause to issue a protective order.

Although this case is distinguishable from *Flaherty* in that it does not involve a government official, there is nothing inherently oppressive in the dissemination of Pia's deposition. In fact, several courts have noted that the sharing of depositions should be encouraged.[25] Similarly, while the dissemination of Pia's videotaped deposition may cause him some level of discomfort, the court concludes that is not sufficient to support the entry of protective order. As Supernova argues, there is no legitimate concern that any deposition in this case will be used for commercial or other private pursuits. No witness is a celebrity like Prince

---

[22]*Id.* at 298.

[23]*Id.* at 299.

[24]*Id.* at 299-300.

[25]*Burlington City Bd. of Educ.*, 115 F.R.D. at 190-91 (citing cases).

whose deposition could be used to promote such enterprises.[26]  Therefore, the motion for a

protective order[27] is **DENIED**.

July 29, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[26]Opposition at 3.

[27]Docket no. 145, filed May 2, 2011.