IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual,<br><br>              Plaintiff,<br>v.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br>              Defendants.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>              Counterclaimants,<br>v.<br><br>JOSEPH G. PIA, an individual,<br><br>              Counterclaim Defendant.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>              Third-Party Plaintiffs,<br>v.<br><br>BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company; STUCKI STEELE & RENCHER, LLC, a Utah limited liability company; PIA ANDERSON DORIUS REYNARD & MOSS, LLC, a Utah limited liability company,<br><br>              Third-Party Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO SERVE SUBPOENA AND NOTICE OF DEPOSITION BY ALTERNATIVE SERVICE**<br><br>Case No. 2:09-cv-00840-CW-DN<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

Counterclaim Defendant Joseph G. Pia's and Third-Party Defendant Pia, Anderson,

Dorius, Reynard & Moss's (Movants) Motion for Leave to Serve Subpoena and Notice of

Deposition by Alternative Service[1] (Motion for Leave) is before the magistrate judge. The magistrate judge has carefully reviewed the motions, memoranda, relevant legal authorities and other materials submitted by the parties. For the reasons set forth below, Movants' Motion for Leave is DENIED.

## Introduction

On November 15, 2011, Movants' counsel sent an email to Lawrence J. Fossi, Stewart Rahr's attorney, asking if Mr. Rahr could be deposed in December or January 2012 in New York City.[2] Mr. Fossi responded by questioning the relevance of Mr. Rahr's testimony.[3] In a responsive email, Movants' counsel explained to Mr. Fossi the reasons Mr. Rahr needed to be deposed even though Mr. Rahr was not a party to the litigation, and attached to the email to Mr. Fossi a notice of deposition and subpoena for Mr. Rahr.[4] The subpoena was issued from the Southern District of New York.[5]

Mr. Fossi did not respond to Movants' counsel's emails, so Movants' counsel retained a process server in New York City to personally serve the subpoena.[6] After multiple attempts, the process server was unsuccessful and has not personally served the subpoena on Mr. Rahr.[7] As a

---

[1] Motion for Leave to Serve Subpoena and Notice of Deposition by Alternative Service and Request for Expedited Ruling (Motion for Leave), docket no. 267, filed February 15, 2012.

[2] Memorandum in Support of Motion for Leave to Serve Subpoena and Notice of Deposition by Alternative Service and in Support of Request for Expedited Ruling (Memorandum in Support) at 3, docket no. 268, filed February 15, 2012.

[3] Memorandum in Support at 3.

[4] Memorandum in Support at 3; *see also* Email from Billie Naffziger, Legal Secretary for Stuart H. Schultz, Movants' Counsel, to Lawrence Fossi, Mr. Rahr's Attorney, December 22, 2011, attached as Exhibit 1 (page 18) to Memorandum in Support ("Attached is a Notice of Deposition for Stewart Rahr and a Subpoena for his appearance on January 31, 2012 in New York City.").

[5] Subpoena to Testify at a Deposition in a Civil Action, attached as Exhibit 2 to Memorandum in Support.

[6] Memorandum in Support at 3.

[7] Memorandum in Support at 3–5.

result, Movants ask the magistrate judge to grant leave to serve Mr. Rahr's subpoena and notice of deposition on Mr. Rahr's attorney, Mr. Fossi.[8]

## Discussion

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena must be issued "from the court for the district where the production . . . is to be made,"[9] and must be served "to the named person."[10] Nothing in the Federal Rules of Civil Procedure indicates that a subpoena may be served on a third party's attorney. Further, only the issuing court has power to modify a subpoena.[11] "Accordingly, the court in which the action is filed lacks jurisdiction to rule on subpoenas issued from other courts."[12]

Here, Movants request the subpoena be modified by this court by allowing an alternative method of service. However, this court is the court in which the action is filed, not the court that issued the subpoena. Because such request for modification of a subpoena must be resolved by the court that issued the subpoena—the United States District Court for the Southern District of New York—this court lacks jurisdiction.

---

[8] Memorandum in Support at 7-8.

[9] Fed. R. Civ. P. 45(a)(2)(C)

[10] Fed. R. Civ. P. 45(b)(1).

[11] *See* Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena . . . .").

[12] *Rajala v. McGuire Woods, LLP*, Case No. 08-2638-CM-DJW, 2010 WL 4683979, at *3 (D. Kan. Nov. 12, 2010).

**ORDER**

The Motion for Leave to Serve Subpoena and Notice of Deposition by Alternative Service[13] is DENIED.

Dated March 17, 2012.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[13] Motion for Leave to Serve Subpoena and Notice of Deposition by Alternative Service and Request for Expedited Ruling, docket no. 267, filed February 15, 2012.