IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:09-cv-840-CW-PMW |
| SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>JOSEPH G. PIA,<br><br>    Counterclaim Defendant. | **District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |
| SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company; et al.,<br><br>    Third-Party Defendants. | |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Supernova Media, Inc., et al.'s (collectively, "Defendants") motion for a protective order concerning certain depositions[2] and Bennett Tueller Johnson & Deere's ("BTJD") cross-motion for a protective order concerning the same depositions;[3] (2) Joseph G. Pia ("Pia") and Pia, Anderson, Dorius, Reynard & Moss's ("PADRM") motion for a protective order concerning document production;[4] (3) Pia, BTJD, PADRM, and Stucki, Steele & Rencher's ("SSR") (collectively, "Movants") joint motion to take the depositions of Charles Morrison ("Mr. Morrison") and Stewart Rahr ("Mr. Rahr") after the fact discovery deadline;[5] and (4) Defendants' motion for protective order concerning the deposition of Mr. Larry Richert ("Mr. Richert").[6] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 355.

[2] *See* docket no. 273.

[3] *See* docket no. 283.

[4] *See* docket no. 290.

[5] *See* docket no. 343.

[6] *See* docket no. 357. The court recognizes that Defendants have not yet filed a reply memorandum on this motion. Given the time-sensitive nature of the motion, the court has determined that ruling without a reply is appropriate.

As an initial matter the court sets forth the general standards governing the above-referenced discovery motions.  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Rule 26(c) allows the court, for good cause, to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

The court now turns to addressing the above-referenced motions.  The court will address them in the order listed above.

### I. Defendants' Motion for Protective Order and BTJD's Cross-Motion for Protective Order Concerning Certain Depositions

These two motions relate to a dispute about the location and duration of certain depositions to be taken by BTJD. In its reply memorandum on its cross-motion for a protective order, BTJD has indicated that the depositions in question have been completed. Accordingly, these two motions are now moot.

### II. Pia and PADRM's Motion for Protective Order Concerning Document Production

In this motion, Pia and PADRM seek a protective order concerning the production of a document, namely, an unsigned, draft operating agreement ("Agreement") of Stucki, Steele, Pia, Anderson & Rencher, LLC ("SSPAR"). SSPAR was at one time a law firm, but is no longer in existence. Some former members of SSPAR are now members of either SSR or PADRM. Defendants have sought production of the Agreement through discovery.

In their motion, Pia and PADRM argue that the Agreement is not relevant in this case because it is in draft, redline form and was never fully executed. Pia and PADRM also assert that because the Agreement is in redline form, it shows "confidential thinking of one or more former members of SSPAR."[7] Consequently, Pia and PADRM argue, the Agreement is not relevant and production of it will cause annoyance, embarrassment, and/or oppression. In response, Defendants assert that the document is relevant to at least two major issues in this case. Defendants also contend that the Agreement is not shielded from discovery simply because it may contain confidential information.

---

[7] Docket no. 291 at 4.

4

The court agrees with Defendants' arguments.  First, under the broad scope of discovery, as described above, the court concludes that the Agreement is relevant to the claims and defenses in this case and, therefore, is discoverable.  In reaching that conclusion, however, the court expresses no opinion about whether the Agreement will eventually be admissible.  Admissibility determinations will be made by the trial judge, if necessary, at the appropriate phase of the case.  Second, Pia and PADRM have failed to persuade the court that any confidential information in the Agreement prevents it from being produced in discovery.  Confidentiality does not equate to privilege.  Indeed, as noted by Defendants, confidentiality is not, by itself, a sufficient basis for resisting production of the Agreement.

For these reasons, Pia and PADRM's motion for a protective order concerning production of the Agreement is denied.  Pia and PADRM shall produce the Agreement to Defendants within fourteen (14) days of the date of this order.  The court will order, however, that the Agreement shall not be disclosed to the public or to non-involved parties, except as necessary for purposes of this litigation.

### III. Movants' Joint Motion to Take the Depositions of Mr. Morrison and Mr. Rahr After the Fact Discovery Deadline

In this motion, Movants seek court permission to take the depositions of Mr. Morrison and Mr. Rahr after the fact discovery deadline.  Movants assert that they have been unsuccessful in their attempts to serve both Mr. Morrison and Mr. Rahr with deposition subpoenas.  Consequently, Movants have filed motions in the jurisdictions where Mr. Morrison and Mr. Rahr reside requesting that Movants be allowed to serve deposition subpoenas through alternate means of service.  Because the current fact discovery deadline of April 9, 2012, will expire in several

days, Movants assert that they should be allowed to take the depositions of Mr. Morrison and Mr. Rahr after the deadline expires.

In response, Defendants argue that Movants should not be allowed to take the depositions after the fact discovery deadline for several reasons. First, Defendants argue that Movants have been dilatory in seeking to take the depositions of Mr. Morrison and Mr. Rahr. Second, Defendants assert that an open-ended extension of fact discovery would create an uncertain ending to that phase of the case and could impact other dates in the current scheduling order. Finally, Defendants contend that the depositions of Mr. Morrison and Mr. Rahr are not essential to this case.

Pursuant to rule 6(b) of the Federal Rules of Civil Procedure, the court is permitted to extend deadlines for good cause. *See* Fed. R. Civ. P. 6(b). Likewise, pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, the court may modify dates in a scheduling order for good cause. *See* Fed. R. Civ. P. 16(b)(4).

For the following reasons, the court is unpersuaded by Defendants' arguments. First, with respect to the timing of the depositions, the court agrees with Defendants' assertion that Movants could have sought to take those depositions much earlier in this case. However, Defendants have failed to demonstrate that they will suffer prejudice if the depositions are allowed to go forward after the fact discovery deadline has expired. Furthermore, full discovery often facilitates resolution of cases when the parties are more fully informed about all the relevant facts.

Second, the court can satisfy Defendants' concerns about an open-ended discovery period by simply setting a deadline for the depositions to occur. The court will set that deadline below.

Concerning the impact of the depositions on other dates in the scheduling order, that issue is not currently before the court. If any party believes that an extension of any date or deadline is necessary, that party is free to file an appropriate motion with the court.

Finally, the court is unpersuaded by Defendants' argument that the depositions are not essential to this case. To the contrary, the court finds merit in the reasons provided by Movants for the necessity of the depositions.

For these reasons, the court concludes that Movants have demonstrated good cause for permitting the depositions of Mr. Morrison and Mr. Rahr to occur after the fact discovery deadline. Accordingly, Movants' motion is granted. The court orders that the depositions of Mr. Morrison and Mr. Rahr shall occur on or before April 30, 2012. If an extension of that deadline proves necessary, Movants are free to file a motion seeking additional time to conduct the depositions.

**IV. Defendants' Motion for Protective Order Concerning the Deposition of Mr. Richert**

In this motion, Defendants seek a protective order preventing the deposition of Mr. Richert from being taken as noticed on April 9, 2012. Defendants assert that the deposition should not go forward because Pia and PADRM did not confer with Defendants' counsel prior to noticing the deposition, the deposition was set for an inconvenient day, and the deposition was outside the fact discovery deadline. For the following reasons, the court concludes that Defendants' arguments are without merit.

First, while it would have been the professional and courteous practice for Pia and PADRM to confer with Defendants' counsel to select an agreeable date prior to noticing the deposition of Mr. Richert, Defendants have not demonstrated how the lack of a meet-and-confer

has caused them any prejudice. While on this issue, the court feels compelled to instruct counsel about the common practice for scheduling depositions in this court. Counsel should always attempt to meet-and-confer prior to simply noticing a deposition for a unilaterally selected date. That is the professional, courteous, and acceptable practice in this district. Counsel should comply with that standard for the scheduling of any future depositions in this case.

Second, the fact that the deposition was scheduled for an inconvenient day is not grounds for preventing the deposition altogether. In the court's view, inconvenience is not the equivalent of prejudice. As indicated below, the deposition of Mr. Richert will go forward and, as noted above, counsel should meet-and-confer in an effort to select an agreeable date for the deposition within the time frame established by the court.

Finally, the court is unwilling to accept Defendants' reading of an order entered by the court on March 23, 2012.[8] In that order, the court extended the fact discovery deadline to April 9, 2012. Defendants ask the court to interpret that order as extending the fact discovery deadline only for the purpose of completing another deposition. Such an interpretation is contrary to the plain language of the order, which states that "[t]he fact discovery deadline is extended to April 9, 2012."[9] In light of that language, the court concludes that the fact discovery deadline was extended, without qualification, to April 9, 2012. Accordingly, Mr. Richert's deposition noticed for April 9, 2012, clearly falls within that deadline.

---

[8] *See* docket no. 339.

[9] *Id*. at 3.

Based on the foregoing, Defendants' motion for a protective order concerning Mr. Richert's deposition is denied. Mr. Richert's deposition shall go forward, but the court will neither require nor allow it to go forward on April 9, 2012, for various reasons, including the availability of the deponent, the availability of counsel, and the requirement for counsel to travel over the upcoming holiday weekend. Instead, the court orders that Mr. Richert's deposition shall take place sometime after March 9, 2012, but on or before April 30, 2012.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Defendants' motion for a protective order[10] and BTJD cross-motion for a protective order[11] are both **MOOT**.

2. Pia and PADRM's motion for a protective order concerning production of the Agreement[12] is **DENIED**.

3. Movants' joint motion to take the depositions of Mr. Morrison and Mr. Rahr after the fact discovery deadline[13] is **GRANTED**.

---

[10] *See* docket no. 273.

[11] *See* docket no. 283.

[12] *See* docket no. 290.

[13] *See* docket no. 343.

4. Defendants' motion for a protective order concerning the deposition of Mr. Richert[14] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 5th day of April, 2012.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[14] *See* docket no. 357.