# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>SUPERNOVA MEDIA, a NEW York corporation; JOYCELYN ENGLE a/k/a JOYCELYN DIPALMA, an individual; JOSEPH DIPALMA, an individual; and JULIANNE MICHELLE, an individual, and KELLY KENT, an individual, and does 1-100,<br><br>　　Defendants.<br>_____<br><br>SUPERNOVA MEDIA, INC., a New York corporation; JOYCLEYN ENGLE a/k/a JOYCELYN DIPALMA, an individual; JOSEPH DIPALMA, an individual, and JULIANNE MICHELLE, an individual;<br><br>　　Counterclaimants,<br><br>v. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER (Docket No. 304)**<br><br>Civil No. 2:09-cv-00840-DN-EJF<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

| | |
|---|---|
| JOSEPH G. PIA,<br><br>   Counterclaim Defendant.<br>_____<br><br>SUPERNOVA MEDIA, INC., a New York corporation; JOYCELYN ENGLE a/k/a JOYCELYN DIPALMA, an individual; JOSEPH DIPALMA, an individual, and JULIANNE MICHELLE, an individual,<br><br>   Third-Party Plaintiffs,<br><br>v.<br><br>BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company; and STUCKI STEELE PIA ANDERSON & RENCHER, a Utah limited liability company, and PIA ANDERSON DORIUS REYNARD & MOSS, LLC, a Utah limited liability company,<br><br>   Third-Party Defendants.<br>_____<br><br>BENNETT TUELLER JOHNSON & DEERE, LLC, a Utah limited liability company, | |

|   |   |
|---|---|
| Cross-Claim Plaintiff,<br><br>v.<br><br>JOSEPH G. PIA,<br><br>Cross-Claim Defendant. |   |

Currently before the Court is Supernova Media, Inc., Joycelyn Engle, Joseph DiPalma, and Julianne Michelle's Motion for Protective Order Regarding Ongoing Settlement Negotiations (Docket No. 304).[1] After hearing oral arguments in an earlier hearing on December 27, 2012, the Court ordered supplemental briefing on whether Utah law should be applied regarding settlement privilege and whether such a privilege applies under *Reese v. Tingey Const.*, 2008 UT 7, 177 P.3d 605 (2008). (Docket No. 635.) Having carefully considered the briefing and heard oral argument, the Court GRANTS the Motion.

Both parties agree, pursuant to Federal Rule of Evidence 501, Utah law controls the decision on this motion because this is a diversity case in the forum state of Utah. (Docket No. 638, at 1–4; Docket No. 640, at 1.) Both parties also agree a settlement negotiations privilege

---

[1] District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. section 636(b)(1)(A) on March 29, 2012. (Docket No. 355.) On April 10, 2012, this case was reassigned to then-newly appointed District Judge David Nuffer, affirming the order of reference to Magistrate Judge Warner. (Docket No. 372.) This referral was reassigned to the undersigned Magistrate Judge on May 22, 2012. (Docket No. 484.)

does exist in Utah pursuant to *Reese*, 2008 UT 7, ¶ 8.[2]  (Docket No. 638, at 6; Docket No. 640, at 6.)  The parties dispute whether the privilege applies to the negotiations at issue because of the informality of negotiations, the details of which the parties dispute.  The broad language used by the court and the cases cited in *Reese* argue in favor of the application of the privilege in the instant case.

> The Utah Supreme Court has held that
>
> mediation proceedings are designed to "encourage[ ] informal and confidential exchange among the persons present to facilitate resolution of the dispute."  Utah Code Ann. § 78–31b–8 (Supp. 2007) [now § 78B–6–208].  "Confidentiality of all communications between the parties or among them and the mediator serves the important public policy of promoting a broad discussion of potential resolutions to the matters being mediated."  *Wilmington Hospitality, L.L.C. v. New Castle County,* 788 A.2d 536, 541 (Del.Ch. 2001).  This candid exchange of information and ideas can be achieved only when the parties are assured that their communications will be protected from postmediation disclosure.

*Id.*  The court goes on to cite a Second Circuit opinion applying a settlement privilege to "preargument conferences designed for the purpose of considering settlement or simplification of issues."  *Id.*  (citing *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.,* 608 F.2d 928, 930 (2d Cir. 1979)).  The court in a case related to this one ordered the parties to engage in settlement discussions and meet subsequently with that court for further settlement discussions.  The negotiations at issue appear similar to these conferences.  Under these facts, the Court will grant a protective order to protect the negotiations that occurred from discovery.

---

[2] The Court finds that *Nature's Sunshine Products, Inc. v. Sunrider Corp.*, No. 2:09-cv-896 TC, 2011 WL 5881767, *3 (D. Utah Nov. 23, 2011), addresses the issue of whether an agreement must be a signed writing in the context of mediation.  It does not address the discoverability of settlement negotiations.  Therefore, it does not assist this Court in resolving this matter.

## ORDER

The Court GRANTS Supernova Media, Inc., Joycelyn Engle, Joseph DiPalma, and Julianne Michelle's Motion for Protective Order Regarding Ongoing Settlement Negotiations (Docket No. 304).

DATED this 13th day of February, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge