IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH G. PIA, an individual,<br><br>                    Plaintiff,<br>v.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>                    Defendants.<br><br>SUPERNOVA MEDIA, INC., a New York corporation; et al.,<br><br>                    Counterclaimants,<br>v.<br><br>JOSEPH G. PIA,<br><br>                    Counterclaim<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No 2:09-cv-00840-DN-EJF.<br><br>District Judge David Nuffer |

      This order resolves Plaintiff Joseph Pia's Rule 54(b) Motion for Reconsideration and/or for Clarification of April 3, 2012 Order.[1] This order considers the motion's supporting memorandum,[2] Supernova et al.'s opposition memorandum,[3] and Mr. Pia's reply memorandum.[4] For the reasons set forth more fully below, the Motion for Reconsideration is DENIED.

---

[1] Docket no. 370, filed April 9, 2012.

[2] Memorandum in Support of Motion for Reconsideration and/or for Clarification of April 3, 2012 Order, docket no. 371, filed April 9, 2012.

[3] Opposition to Motion for Reconsideration, docket no. 399, filed April 26, 2012.

[4] Reply Memorandum to Opposition to Rule 54(b) Motion for Reconsideration and/or Clarification of April 3, 2012 Order, docket no. 471, filed May 14, 2012.

## BACKGROUND

On December 6, 2011, a magistrate judge's Memorandum Decision and Order ("December 2011 Order") granted in part a motion to compel Mr. Pia to answer certain deposition questions.[5] Supernova claimed that Mr. Pia had improperly refused to answer a number of those questions during a deposition under the assertion of confidentiality or attorney-client privilege. The analysis for the magistrate judge's decision is set forth in the December 2011 Order itself, and will not be repeated here. It is enough, for purposes of this order, to note that the December 2011 order granted in part the motion to compel, requiring Mr. Pia to answer certain deposition questions. This decision was based in part on the conclusion that officers of Supernova can waive the attorney-client privilege on behalf of Shannon's Delaware because Supernova is a manager of Shannon's Delaware.

After the December 2011 order was granted in part, Mr. Pia objected to the magistrate judge's decision and asked the district court to review it. District Judge Waddoups did so, and found that "the magistrate judge's order was neither clearly erroneous [n]or contrary to law."[6] In upholding the December 2011 order, Judge Waddoups quoted from a Seventh Circuit case:

> Under Delaware law, a corporation must "be managed by or under the direction of a board of directors . . . ." 8 Del. C. § 141(a). With respect to an LLC, Delaware law states that "[u]nless otherwise provided in a limited liability company agreement, the management of a limited liability company shall be vested in its members . . . ." 6 Del. C. § 18-402. The district court concluded that directors generally have the authority to manage a corporation and members generally have the authority to manage an LLC, and thus found a member analogous to a director.[7]

---

[5] Memorandum Decision and Order Granting in Part Motion to Compel Full and Complete Deposition Testimony, docket no. 217, filed December 6, 2011.

[6] Order at 1, docket no. 365, filed April 3, 2012.

[7] *Id.* at 2 (quoting *In re Longview Aluminum, L.L.C.*, 657 F.3d 507, 510 (7th Cir. 2011)).

In Judge Waddoups's view, this language supported the conclusion that Supernova, a member

and a manager of Shannon's Delaware, had the "right to waive Shannon's Delaware's attorney-

client privilege."[8]

      Six days after the decision, Mr. Pia filed the instant motion for reconsideration. The

motion was "made on the grounds that the April 3, 2012 Order erroneously assumes that

Shannon's Rainbow Delaware ["Shannon's Delaware"] is a member-managed LLC, while it is in

fact a manager-managed LLC[.]"[9]

**DISCUSSION**

**Standard for Motion for Reconsideration**

      The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration"

prior to the entry of final judgment,[10] but such motions may be addressed by a district court

under Rule 54(b) because "every order short of a final decree is subject to reopening at the

discretion of the district judge"[11] and because "any order or other decision, however designated,

that adjudicates fewer than all the claims or the rights and liability of fewer than all the

parties . . . may be revised at any time before the entry of a [final] judgment[.]"[12] A motion for

reconsideration filed prior to final judgment is "nothing more than an interlocutory motion

invoking the district court's general discretionary authority to review and revise interlocutory

rulings prior to entry of final judgment[.]"[13] Thus, the district court should not apply the

---

[8] *Id.* at 2-3.

[9] Rule 54(b) Motion for Reconsideration and/or for Clarification of April 3, 2012 Order, docket no. 370, filed April 9, 2012.

[10] *Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).*

[11] *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)) (internal quotation marks omitted) (citing Rule 54(b)); *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (citing Rule 54(b)); *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Rule 54(b)).

[12] Fed. R. Civ. P. 54(b).

[13] *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

standards of Rule 59(e) or Rule 60(b) in such review because those rules apply to "final orders or judgments."[14]

The following standards apply to a motion for reconsideration. First, "a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion."[15] Second, "[a]bsent extraordinary circumstances, the basis for the motion to reconsider must not have been available at the time the first motion was filed."[16] Third, the motion "must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."[17] There are three scenarios in which a litigant may successfully argue for reconsideration: when "(1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous."[18]

### Mr. Pia's Arguments

Although Mr. Pia's memorandum purports to list three points in support of reconsideration, only one of those points—Point I—addresses substantive issues.[19] Under Point I, Mr. Pia argues that the April 3, 2012 district court decision should be reconsidered because the decision is clearly erroneous. Mr. Pia does not point to any "substantially different, new

---

[14] *Raytheon*, 368 F.3d at 1217 ("The district court was incorrect to treat Raytheon's motion for reconsideration under Rule 60(b), which only applies to final orders or judgments."); *but see Price*, 420 F.3d at 1167 ("[R]egardless of whether this claim is treated as a motion to reconsider under Rule 59, Rule 60(b), or as an interlocutory motion before any final judgment, we do not find the court abused its discretion in this case.").

[15] *Albright v. Attorney's Title Ins. Fund*, No. 2:03CV00517, 2008 WL 376247, at *2 (D. Utah Feb. 11, 2008) (unpublished) (quoting *SCO Group, Inc. v. Novell, Inc.*, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) (unpublished)).

[16] *Albright*, 2008 WL 376247, at *2 (citing *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[17] *Albright*, 2008 WL 376247, at *2 (quoting *SCO Group*, 2007 WL 2746953, at *1) (internal quotation marks omitted).

[18] *Albright*, 2008 WL 376247, at *2 (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

[19] Points II and III do not support an argument for reconsideration since Point II seeks clarification of the prior order and Point III requests oral argument. *See* Memorandum in Support, docket no. 371, filed April 9, 2012.

evidence" or "subsequent, contradictory controlling authority" in making this argument. Rather, he argues that the district court's April 3, 2012 decision "should be reconsidered because it was premised on the erroneous assumption that Shannon's Rainbow, LLC is a member-managed LLC."[20] Mr. Pia is incorrect, however. The decision did not hold that Shannon's Rainbow, LLC ("Shannon's Delaware") is a member-managed LLC. Therefore, the decision is not clearly erroneous.

### The District Court Did Not Hold that Shannon's Delaware is a Member-Managed LLC

Mr. Pia emphasizes that Shannon's Delaware "is a <u>manager-managed</u> LLC, not a <u>member-managed</u> LLC."[21] Mr. Pia continues: "It never has been member-managed. No party has contended that it is member-managed. And whether it is member-managed was never an issue before this Court."[22]

Supernova argues, on the other hand, that "[c]ontrary to Mr. Pia's assertion, the Court did not uphold the Magistrate's Decision based on that purported assumption."[23] Rather, "the Court ruled that the issue of whether Supernova was a 'co-equal manager' was of no moment because Supernova was <u>a manager</u> of Shannon's Rainbow."[24] "The Court also noted that Supernova was a member of Shannon's Rainbow acting in a 'director' or management capacity within the LLC and that Mr. Pia had presented no evidence to the contrary."[25] Supernova further points out that

---

[20] Memorandum in Support of Motion for Reconsideration and/or for Clarification of April 3, 2012 Order at 3, <u>docket no. 371</u>, filed April 9, 2012.

[21] *Id.* at 2 (emphasis in original).

[22] *Id.*

[23] Opposition to Motion for Reconsideration at 2, <u>docket no. 399</u>, filed April 26, 2012.

[24] *Id.* at 3 (emphasis in original).

[25] *Id.*

"Mr. Pia has expressly admitted that Supernova was a manager of Shannon's Rainbow and that Supernova and Ms. Engle [an officer of Supernova] were parties that engaged his services."[26]

Careful reading and analysis of the April 3, 2012 decision and the parties' briefing shows that Supernova is correct. The April 3, 2012 decision does not hold that Shannon's Delaware was a member-managed LLC. Rather, the holding is that Supernova "has the right to waive Shannon's Delaware's attorney-client privilege."[27] In coming to this conclusion, the opinion made statements about Supernova's status as a member of Shannon's Delaware, but did not hold that Supernova had the right to manage Shannon's Delaware *simply by virtue of being a member* of Shannon's Delaware. While it is true that the opinion states that "insofar as [Supernova] acts as a member within the LLC . . . , it has the right to waive Shannon's Delaware's attorney-client privilege[,]"[28] this statement was made to refute the suggestion that, as a member of the LLC, Supernova did not have any authority to manage the LLC. The critical point is that members can also be managers, and since Supernova was a member *and* a manager of Shannon's Delaware, it could act in a managerial capacity.

Mr. Pia recommends reading the statement "insofar as [Supernova] acts as a member within the LLC . . . , it has the right to waive Shannon's Delaware's attorney-client privilege"[29] in isolation from the rest of the decision. This leads to an incorrect understanding of the opinion. Supernova does not derive its managerial capacity simply through its membership in Shannon's Delaware. It derives managerial capacity as "a manager of Shannon's Delaware," as the opinion

---

[26] *Id.*

[27] Order at 3, docket no. 365, filed April 3, 2012.

[28] *Id.* at 2-3.

[29] *Id.*

noted.[30] Thus, as a manager of Shannon's Delaware, Supernova had the ability to waive attorney-client privilege on behalf of Shannon's Delaware.

Mr. Pia has not presented any evidence showing that Supernova is not a manager of Shannon's Delaware. In fact, Mr. Pia himself admitted Supernova is a manager of Shannon's Delaware in his April 20, 2011 deposition.[31] Further, the magistrate judge's decision recognized that Supernova is a manager of Shannon's Delaware.[32] Therefore, because Supernova is a current manager of Shannon's Delaware, it can waive attorney-client privilege on behalf of Shannon's Delaware. The April 3, 2012 decision was not clearly erroneous. And it certainly did not hold that Shannon's Delaware is member-managed.

### Supernova Is Not a "Dissident" Manager

Apparently recognizing that Judge Waddoups's April 3, 2012 decision indeed held that Shannon's Delaware is manager-managed, Mr. Pia attempts to discredit the management status of Supernova by arguing that Supernova was a "dissident manager."[33] However, the non-binding cases Mr. Pia cites in support of the "dissident co-manager" argument is factually different from our case and does not support Mr. Pia's assertion that Supernova was a "dissident manager."

---

[30] *Id.* at 2.

[31] Deposition of Joseph G. Pia at 25:18-25, docket no. 399-1, filed April 26, 2012 (emphasis added).

> Q [Ms. Wood]: Who engaged your services on behalf of Shannon's Rainbow Utah?
> A [Mr. Pia]: The managers of Shannon's Rainbow Delaware.
> Q: And who was that?
> A: That included SummitWorks, LLC, *Supernova Media, Inc.*, Joycelyn Engle, Equistar Development, and there may be others that I'm not remembering at this point.

[32] Memorandum Decision and Order Granting in Part Motion to Compel Full and Complete Deposition Testimony at 2, docket no 217, filed December 6, 2011 (" . . . Supernova . . . is one of two managers of Shannon's Rainbow LLC, a Delaware Limited Liability Company . . . .").

[33] Memorandum in Support of Motion for Reconsideration and/or for Clarification of April 3, 2012 Order at 6, docket no. 371, filed April 9, 2012.

In *Milroy v. Hanson*,[34] the majority of the board of directors of a corporation voted to assert the attorney-client privilege against a single director (Milroy) who was seeking production of documents from the corporation. The court held that the majority of the board of directors was correct in asserting the attorney-client privilege because the privilege belongs to the entity, and as long as the majority of the management agreed to assert it on behalf of the entity, the "dissident director" could not circumvent the desires of the entity.

The instant case does not involve a similar set of facts. First, this case involves an LLC—a legally different business organization than a corporation, with a different management structure (manager-managed as opposed to a board of directors). Further, to the extent a corporation and board of directors can be analogized to a manager-managed LLC, Mr. Pia has not presented any evidence that the *majority* of the management of Shannon's Delaware wishes to assert the attorney-client privilege, as the majority of the corporation in *Milroy* desired to do. Rather, the only argument Mr. Pia makes is that Supernova is a "dissident manager" because it seeks to waive the privilege. *Milroy* referred to the "dissident director" because he was the only director voting against the *majority of the board of directors*. No such evidence is presented by Mr. Pia. Thus, *Milroy* is factually much different than this case and is not persuasive.

Mr. Pia also cites to *Tail of the Pup, Inc. v. Webb*.[35] *Tail of the Pup* is another case where a single director sought information contrary to the desires of the majority of the board of directors, and the majority of the board of directors asserted the attorney-client privilege. The court stated that "[t]he power to exercise the corporate lawyer-client privilege rests with the corporation's management" and held that the director, "in his position as an individual stockholder, officer and director has no authority to waive or assert the privilege against the

---

[34] *Milroy v. Hanson*, 875 F. Supp. 646 (D. Neb. 1995).

[35] 528 So.2d 506 (Fla. Dist. Ct. App. 2d Dist. 1988).

wishes of the corporation's board of directors."[36] The same dissimilarities that are present in *Milroy* exist in *Tail of the Pup*.

Finally, Mr. Pia cites to *Montgomery v. eTreppid Technologies, LLC.*[37] This case is most similar to the facts of this case, but still does not establish that Supernova is a "dissident manager." The critical fact in *Montgomery* is that the person who was seeking information from the LLC was a *former* manager, with no management authority in the LLC. Supernova is not a former manager but a current manager, and Mr. Pia has not presented any evidence to the contrary. A current manager does not become a "dissident manager" simply by taking a position another manager does not like, or by making an argument the entity's attorney disagrees with. Rather, a "dissident manager" is one who takes an action that "conflicts with the will of 'management.'"[38] More specifically, a "dissident manager" is one who takes a position contrary to the will of the *majority* of the management (or as otherwise defined in the entity's operating agreement).[39] The attorney-client privilege belongs to the entity, and the entity's management holds the power to assert or waive the privilege. Here, a manager (Supernova) of the entity (Shannon's Delaware) has waived the privilege and there is no evidence that by so doing Supernova is taking an action contrary to the will of the majority.

The April 3, 2012 decision recognizes this fact, finding that Supernova has the right to waive Shannon's Delaware's attorney-client privilege.[40] Thus, even though the decision does

---

[36] *Id.* at 507.

[37] 548 F. Supp. 2d 1175 (D. Nev 2008).

[38] *Id.* at 1184.

[39] *Cf. Milroy*, 875 F.Supp. at 648 ("[U]nder Nebraska law the majority decision of the directors governs what the corporation will or will not do."); *McLaughlin v. Schenk*, 2013 UT 20, ¶ 34, 299 P.3d 1139 (Utah 2013) (holding that under Utah law, quorum is required, which is a majority of qualified directors); 8 Del. C. § 141(b) ("The vote of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors unless the certificate of incorporation or the bylaws shall require a vote of a greater number.").

[40] Order at 2-3, docket no. 365, filed April 3, 2012.

not use the phrase "dissident manager" or fully analyze the argument made by Mr. Pia, the conclusion is the same. Thus, the decision is not clearly erroneous.

**Clarification**

Mr. Pia alternatively seeks clarification of the "scope of any waiver of privilege[,]"[41] including the time period after litigation commenced;[42] production of any "document to which a privilege is being or may be asserted by any of the lawyers and law firm parties[;]"[43] and "the length of the Pia deposition[.]"[44]

The magistrate judge's order, which was upheld by the April 3, 2012 district court order, was very clear about the scope of the waiver. It held that "Pia cannot invoke the privilege as to other Shannon's Rainbow Entities in matters relating to the Shannon's Rainbow film, including facts regarding ownership, finances, tax credits, payment of fees, waivers of conflict of interest, and entity formation and membership."[45] The magistrate judge's order also held that Pia could not invoke the privilege "regarding conversations and information he has put at issue in his claims and defenses."[46] Further, Mr. Pia may not object to "questions about the information contained in emails simply because he was copied on the emails"[47] and must answer "questions that concern Pia's custom and practice with his clients generally as well as questions about obtaining a waiver for conflicts related to this case."[48] The magistrate judge's order allowed Mr. Pia to assert the attorney-client privilege "concerning the conversation between Pia and his

---

[41] Memorandum in Support at 7, docket no. 371, filed April 9, 2012.

[42] *Id.* at 7-8.

[43] *Id.* at 8.

[44] *Id.*

[45] Memorandum Decision and Order Granting in Part Motion to Compel Full and Complete Deposition Testimony at 5-6, docket no. 217, filed December 6, 2011.

[46] *Id.* at 6.

[47] *Id.*

[48] *Id.* at 7.

counsel that occurred while on long breaks while no question was pending, but must answer questions about conversations that occurred during breaks while a question was pending."[49]

By asking for clarification on these guidelines, Mr. Pia seems to be seeking from the court a delineated list of specific questions to which he is required to respond, including a list of specific questions to which he is not required to respond. Such a list will not be provided. The court's role is not to identify every conceivable question that can be asked or answered; rather it is to provide guidelines within which the parties can litigate. The court has done that here. Mr. Pia, Supernova, and their counsel are collectively to use their judgment in determining whether a question or request fits into those guidelines.

Mr. Pia's counsel erroneously focuses on the fact that "Supernova has acknowledged in the instant case that they ["they" meaning Supernova] did not consider Mr. Pia to be their counsel at any time after they learned that litigation had been commenced in November 2008."[50] The fundamental mistake in this argument is that the waiver of the privilege does not derive from Mr. Pia representing or not representing Supernova—it derives from Mr. Pia representing Shannon's Delaware, and from Shannon's Delaware being managed at least in part by Supernova. Supernova, as manager, has the authority to waive the attorney-client privilege on behalf of the company it managed. Therefore, Mr. Pia's request for a ruling that bars discovery on any communications between him and Shannon's Delaware after the commencement of litigation[51] is rejected.

Further, there is no merit to Mr. Pia's argument that if the attorney-client privilege is waived in this case, "Shannon's Rainbow LLCs could never, as a practical matter, bring an

---

[49] *Id.*

[50] Memorandum in Support at 7, docket no. 371, filed April 9, 2012.

[51] *Id.* at 8 ("Thus, PADRM requests that this Court rule that communications between Mr. Pia/the law firms and his clients after litigation are not discoverable.").

action against [Supernova et al.] because there would be no attorney-client privilege, regardless of who represented Shannon's Rainbow."[52] This is not true. Shannon's Rainbow LLCs could bring an action against Supernova and retain the attorney-client privilege if the *management* of the Shannon's Rainbow LLC did not waive the privilege. The entity holds the privilege, and management has the ability to waive it. A managing member of an LLC should not be shut out from the communications between the LLC and its attorney, for it is the managers, not the attorney, who control the entity. Those who control the entity should be privy to the communications between counsel and the entity being managed. Here, Shannon's Delaware's management has waived the privilege and for that reason the attorney-client communications described above are not protected.

For the foregoing reasons, no further clarification is necessary.

**Oral Argument**

Pursuant to DUCivR 7-1(f), Mr. Pia's motion is "determined on the basis of the written memoranda of the parties." There is no need for oral argument.

**ORDER**

The Motion to Reconsider[53] is DENIED.

Dated December 18, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[52] Reply Memorandum at 5-6, docket no. 471, filed May 14, 2012.

[53] Rule 54(b) Motion for Reconsideration and/or for Clarification of April 3, 2012 Order, docket no. 370, filed April 9, 2012.